IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| FICO BUILDING AND INVESTMENTS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:06-CV-397 |
| WOODROW W. REAGAN, | ) ) ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This civil action is before the court for consideration of the "Motion to Remand and For Extension of Time" filed by plaintiff [doc. 6]. Defendant has filed a response [doc. 7]. The court has determined that oral argument is not necessary, and the motion is ripe for the court's consideration. For the reasons stated herein, the motion will be granted in part and denied in part.

Plaintiff has filed suit for breach of a construction contract based on defendant's alleged failure to pay for change orders. This case was removed from the Chancery Court for Sevier County, Tennessee on the basis of diversity jurisdiction [doc. 1]. Plaintiff contends that this court does not have jurisdiction because both plaintiff and defendant are citizens and residents of the State of Tennessee. Therefore, plaintiff argues, there is no diversity of citizenship and remand is appropriate.

This court has diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is no dispute that the amount in controversy exceeds $75,000. However, plaintiff argues that there is no diversity of citizenship because defendant is a resident and citizen of Sevier County Tennessee.

"[A]s a matter of statutory construction, diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004). Citizenship for the purposes of establishing diversity jurisdiction is equated with domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973) (citations omitted); *see also Deasy v. Louisville & Jefferson County Metro. Sewer Dist.*, 47 F.App'x 726, 728 (6th Cir. 2002). While a person may have several residences, he or she may possess only one domicile. *See United States v. Namey,* 364 F.3d 843, 845 (6th Cir. 2004). "[D]omicile is an individual's permanent place of abode where he need not be physically present, and residence is where the individual is physically present much of the time. An individual consequently may have several residences, but only one domicile." *Id.* "A person's previous domicile is not lost until a new one is acquired. Establishment of a new domicile is determined by two factors:

2

residence in the new domicile, and the intention to remain there." *Von Dunser*, 915 F.2d at 1072 (citations omitted).

Plaintiff argues that defendant is a resident and citizen of Tennessee because he has owned residential property in Sevier County since 2004, has bank accounts with local Sevier County banks, and has a Tennessee license plate on his car.

In support of his opposition to remand, defendant has submitted his affidavit in which he sets out indicia showing that he is a resident and citizen of the District of Columbia. Defendant states that he owns real property in the District of Columbia; that all of his personal property is located at his District of Columbia residence except for seasonal items kept in the garage at the Sevier County house; that his drivers license is issued by the District of Columbia; that all of his active bank accounts are in the District of Columbia; that the checking account he had to open to obtain a construction loan in Tennessee has not be active since spring or summer of 2006; that he has never stayed in the house in Sevier County, which contains no furnishings or household items necessary to live in it; that he has been summoned to jury duty in the District of Columbia; that he pays income taxes and files his tax returns from the District of Columbia; and that his intention is to remain domiciled in the District of Columbia in the foreseeable future.

The record demonstrates that defendant is domiciled in the District of Columbia not Sevier County. Plaintiff has not shown that defendant has established a new domicile in Sevier County, because there is no proof that defendant resides in the Sevier

3

County house or that he intends to remain there. Defendant's declaration makes clear that he has not stayed one night in the house, he may put the house on the market, and he intends to remain domiciled in the District of Columbia in the foreseeable future. Plaintiff's proof does not establish defendant as being domiciled in Sevier County. Accordingly, because plaintiff is a citizen of the District of Columbia, complete diversity of citizenship exists, and this case need not be remanded.

It is, therefore, **ORDERED** that to the extent plaintiff's motion seeks a remand of this case to the Chancery Court for Sevier County, Tennessee, the motion is **DENIED**. To the extent the motion seeks additional time within which to respond to defendant's counter-complaint [doc. 4], the motion is **GRANTED**. Plaintiff has 10 days from the entry of this memorandum and order to answer or otherwise plead to the counter-complaint.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge